ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HEATH ROBERT WILLS and<br>PATRICIA ANNE WILLS,<br><br>              Debtors. | Case No. 23-13680-mkn<br>Chapter 7 |
| ROBERT E. ATKINSON,<br><br>              Plaintiff,<br><br>v.<br><br>MD SPINE SOLUTIONS, LLC<br>*dba* MD LABS,<br><br>              Defendant. | Adv. No.<br><br><br>**ADVERSARY COMPLAINT** |

ROBERT E. ATKINSON, in his capacity as chapter 7 trustee of the above-captioned bankruptcy estate ("***Plaintiff***" or "***Trustee***"), by and through counsel, respectfully submits this adversary complaint against the above-captioned defendant, and specifically alleges as follows:

### JURISDICTION and VENUE

1.   This adversary proceeding arises out of (and is related to) the chapter 7 bankruptcy case in re: HEATH ROBERT WILLS and PATRICIA ANNE WILLS, Nevada bankruptcy case no. 23-13680-mkn (the "***Bankruptcy Case***").

2.   This proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4.    This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (H) because this Complaint is brought directly in the course of administration of the assets of the estate, this adversary complaint includes a claim for turnover, and because this adversary case is a proceeding to avoid a fraudulent transfer.

5.    If this adversary proceeding is determined to be noncore, or if this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b) but may not, as a constitutional matter, be adjudicated as such, the Trustee consents to the entry of final orders or judgments by the bankruptcy judge.

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## PARTIES

7.    Plaintiff ROBERT E. ATKINSON is the chapter 7 trustee of the bankruptcy estate ("***Bankruptcy Estate***") created by the filing of the Bankruptcy Case.

8.    Defendant MD SPINE SOLUTIONS, LLC, *dba* MD LABS ("***Defendant***") is a California limited-liability company registered to do business in Nevada.

## FACTUAL ALLEGATIONS

9.    On August 29, 2023 ("***Petition Date***"), HEATH ROBERT WILLS ("***Heath Wills***") and PATRICIA ANNE WILLS (collectively, "***Debtors***") filed a voluntary bankruptcy petition for chapter 7 bankruptcy relief in the District of Nevada, commencing the Bankruptcy Case.

### A.  Bandar Enterprises

10.    The Debtor's Schedule A/B list of assets, as amended [ECF #276] states that the Debtors owed 100% of a company called Bandar Enterprises LLC ("***Bandar***").

11.    In May 2022, Bandar operated three clinical reference laboratories, two located in Las Vegas, and the other in California.  By April 2023, it had closed one location, and at that time had 27 employees left.

**B.  Heath Wills PC**

12.    The Debtor's Schedule A/B list of assets, as amended [ECF #276] states that the debtor Heath Wills owns 100% of a company called Heath Wills PC.  The specific scheduled asset is: "Heath Wills PC – assets taken by receivership" and the Debtor's ownership is listed as "100% Heath Wills".

13.    The company Heath Wills PC (hereinafter, "**Heath Wills PC**") is a Nevada corporation.

14.    At all relevant times, Heath Wills PC was a non-operational company, whose only asset was money in a bank account.

**C.  Pre-Petition State Court Receivership**

15.    On April 27, 2020, Debtors were parties to Nevada state court litigation case no. A-20-814263-B ("***Litigation***").

16.    During the Litigation, Debtors failed to participate in the court ordered discovery and production requests, which resulted in the court appointing William M. Holland as the Receiver ("***Receiver***"), and thereby creating a receivership estate ("***Receivership Estate***").

17.    On May 5, 2022, the court entered an order which authorized the Receiver to have control over all of the Debtors' assets and companies ("***Receivership Order***").  The scope of the receivership is "all of the real and personal, tangible and intangible property of the Debtors which included ASSURITY HEALTHCARE, INC., ASSURITY LABS, INC., BANDAR ENTERPRISES, LLC, and any other entity owned or controlled by either of the Debtors" (the "***Receivership Estate***").

18.    The Receivership Order further states that the Receiver is authorized to conserve, preserve, protect, and administer all property that is or may be related to the Debtors under the Receivership Estate.

19.    The Receivership Order further states:

> The Receiver shall take possession of and receive access to and from any and all banks, savings and loan associations and/or any financial institutions as a signatory for any monies and funds on deposit in

-3-

said banks, savings and loan associations and/or any financial institutions in the name of any and all entities within the Receivership Estate.

20.    On May 20, 2022, the Receiver took control of Bandar's bank accounts, and began authorizing payments for payroll and certain vendors.

21.    On May 30, 2022, the Receiver filed a status report in the Litigation, providing the inventory of companies subject to the Receivership Estate, which included Bandar and Heath Wills PC.

22.    On March 8, 2023, an order to Show Cause hearing was held in the Litigation.  At that hearing, Heath Wills was sworn in and provided testimony. His testimony disclosed, for the first time, that Heath Wills PC had a bank account at Chase Bank.  A status report subsequently filed by the Receiver stated:

> During the March 8, 2023, Nevada District hearing held by Judge Williams, Heath Wills revealed that he had a Chase bank account under the name of Heath Wills PC. When asked by plaintiff's attorney, Ken Hogan, Heath revealed that there were hundreds of thousands of dollars available. Heath testified that he paid the US Government $139,834.78 using funds from his Heath Wills PC Chase bank account and the WF's monthly payment of $25,000, also from this account. When asked if he had advised the Receiver of this account he said no, and admitted that he made a mistake by not telling the Receiver.

23.    On March 24, 2023, the Receiver served a subpoena on Chase Bank, requesting turnover of the account information.

24.    The bank account was Chase business bank account held in the name of Heath Wills PC, with account ending 3022 ("***Chase Account 3022***").  The sole signatory on Chase Account 3022 since its inception was Heath Wills.

25.    The Receiver went to Chase Bank and substituted himself in as the sole signatory on Chase Account 3022.  The Receiver subsequently withdrew all funds from that account, totaling $270,542.15, and deposited that amount into the separate account of the Receivership Estate.

26.    Prior to the Receiver's withdrawal of the funds in Chase Account 3022, Heath Wills made the following transfers to Defendant from Chase Account 3022, after the Receivership Order was entered (the "***PC Transfer***"):

| Date | Amount Transferred to Defendant from Chase Acct 3022 |
|------|------------------------------------------------------|
| 8/18/2022 | $28,349.50 |
| **Total** | **$28,349.50** |

27.    The PC Transfer was made by check.  The memo on the check states "For Live Oak View LLC".

28.    Heath Wills initiated the PC Transfers to Defendant from Chase Account 3022 to pay Defendant for services related to Live Oak View LLC, not Heath Wills PC.

**D.  Receivership Claims now Property of the Estate**

29.    On April 24, 2024, an order was entered on the docket of the Bankruptcy Case [ECF #446] approving a certain settlement between the Trustee and the Receiver ("***Settlement Order***").  The Settlement Order states in relevant part:

> All unliquidated claims and causes of action held by the Receivership Estate as of the Effective Date (hereinafter, the "Assigned Claims") shall be assigned to the Bankruptcy Estate, and become property of the Bankruptcy Estate.  The term "Assigned Claims" shall be defined as broadly as possible, including all claims and causes of action held by the Receivership Estate against any third party as of the Effective Date, under any theory of liability, including but expressly not limited to the Clawback Claims.

> The assignment includes all rights granted under the Receivership Order and applicable Nevada state law for receivers relating to collection, turnover, and recovery of receivership property (e.g., NRS § 32.290). For avoidance of doubt, on the Effective Date, the Trustee, as assignee, will, inter alia, have the power and right to seek appropriate relief (under NRS § 32.290 and other applicable law) to recover money or property transferred out of any of the Companies to any third party after the Receivership Order went into effect (but excluding any transfers to the Receiver or transfers initiated by the Receiver), on the basis that the transferred funds and property were property of the Receivership Estate at the time of the transfer and

-5-

therefore such unauthorized transfers are subject to turnover and recovery. The Trustee will also have the right to reduce the Assigned Claims to judgment, and execute thereon.

30.    The term "Clawback Claims" is defined in the settlement agreement as follows: "several claims and causes of action held by the Receivership Estate relating to the Companies, as against transferees of company assets" and that "the Clawback Claims include, but are not limited to:

- "Claims held by the Receivership Estate against transferees of money from the bank account of Heath Wills PC."

### FIRST CAUSE OF ACTION
[*TURNOVER of PC TRANSFER*]
[11 USC § 542(a)]

31.    Plaintiff repeats and re-alleges all of the above allegations, and thereby incorporates the same as if set forth herein.

32.    Between May 5, 2022 (i.e., the date of entry of the Receivership Order) and the Petition Date (the "***Pre-Petition Receivership Period***"), Heath Wills PC was property of the Receivership Estate.

33.    Pursuant to the express terms of the Receivership Order, during the Pre-Petition Receivership Period, all money held in Heath Wills PC's bank account was property of the Receivership Estate.

34.    Pursuant to the express terms of the Receivership Order, all money held in Heath Wills PC's bank account during the Pre-Petition Receivership Period was subject to possession by the Receiver.

35.    The $28,349.50 PC Transfer to the Defendant from Chase Account 3022 was a transfer of property of the Receivership Estate.

36.    Pursuant to NRS § 32.290(1)(b), a person that has possession, custody or control of receivership property shall turn the property over to the receiver.

37.    Pursuant to the Settlement Order, all claims and rights of the Receiver are now property of the Bankruptcy Estate, including all claims under NRS § 32.290.

38.    Pursuant to 11 U.S.C. § 542(a), any entity in possession, custody, or control of property of the Bankruptcy Estate shall turn over the property, or the value of such property, to the Trustee.

39.    The Trustee is therefore entitled to immediate turnover of the $28,349.50 PC Transfer.

40.    Under Section 542(a), the Trustee is also entitled to the value of the PC Transfer, so if turnover does not occur by date certain (as provided in the judgment), then it is appropriate to enter monetary judgment against Defendant for the value of the PC Transfer, so that the Trustee can execute on said judgment.


# # # # #

**WHEREFORE**, Plaintiff prays for judgment, in favor of Plaintiff and against the Defendant, as follows:

- For the first cause of action, turnover to the Trustee for the $28,349.50 PC Transfer, by date certain. If Defendant fails to turn over the funds by date certain, then monetary judgment against Defendant for the value thereof ($28,349.50).
- Costs of suit.

# # # # #

DATED:  November 7, 2024                **ATKINSON LAW ASSOCIATES LTD.**

By:    _____/s/ Robert Atkinson_____
ROBERT E. ATKINSON, ESQ. #9958
*Attorney for Trustee*